MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: DANIEL P. FILOR
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2726
Fax: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HAGOP BABOUJIAN,

                Plaintiff,

     -against-

U.S. ATTORNEY GENERAL ALBERTO GONZALES,
DEPARTMENT OF HOMELAND SECURITY
SECRETARY MICHAEL CHERTOFF, U.S.
CITIZENSHIP AND IMMIGRATION SERVICE,
U.S.C.I.S. DIRECTOR EMILIO T. GONZALEZ,
U.S.C.I.S. NEW YORK DISTRICT DIRECTOR MARY
ANN GANTER, and THE UNITED STATES OF
AMERICA.

                Defendants.
------------------------------------------------------------------------ x

07 Civ. 6138 (CM) (DCF)

ECF Case

**ANSWER**

        Defendants U.S. Attorney General Alberto Gonzales, Department of Homeland Security Michael Chertoff, U.S. Citizenship and Immigration Service ("CIS"), U.S.C.I.S. Director Emilio T. Gonzalez, U.S.C.I.S. New York District Director Mary Ann Ganter, and the United States of America (collectively, the "Government") by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answer the Complaint for Hearing on Naturalization Application (the "complaint") on information and belief as follows:

1. Neither admit nor deny the allegations in the first paragraph entitled "Introduction" on page 1 of the complaint because they constitute plaintiff's conclusions of law and/or characterization of this action to which no response is required. To the extent a response is required, deny the allegations in the first paragraph entitled "Introduction" on page 1 of the complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint, except admit that plaintiff Hagob Baboujian submitted an application for naturalization under alien registration number A 037 044 511.

3. Admit the allegations in paragraph 2 of the complaint that plaintiff has named as defendants the Attorney General of the United States and certain agencies and employees of the Government.

4. Neither admit nor deny the allegations in paragraph 3 of the complaint because they constitute plaintiff's conclusions of law concerning the jurisdiction over this action to which no response is required. To the extent a response is required, deny the allegations in paragraph 3 of the complaint.

5. Neither admit nor deny the allegations in paragraph 4 of the complaint because they constitute plaintiff's conclusions of law and/or characterization of this action to which no response is required. To the extent a response is required, deny the allegations in paragraph 4 of the complaint.

6. Neither admit nor deny the allegations in paragraph 5 of the complaint because they constitute plaintiff's conclusions of law concerning the venue over this action to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint, except admit the following: plaintiff Hagob Baboujian submitted an application for naturalization in or about October 2005; plaintiff was interviewed by a CIS officer on or about March 16, 2006; plaintiff was told that he passed the tests of English and U.S. history and government; on or about May 19, 2006, plaintiff's application for naturalization was denied because plaintiff failed to establish that he meets all the requirements for naturalization; and on or about September 18, 2006, CIS affirmed the decision to deny plaintiff's application for naturalization; and respectfully refer the Court to the exhibits cited in paragraph 6 of the complaint for a true and complete statement of their contents.

8.  Neither admit nor deny the allegations in paragraph 7 of the complaint because they constitute plaintiff's conclusions of law to which no response is required. To the extent a response is required, deny the allegations in paragraph 7 of the complaint.

9.  Deny the allegations in paragraph 8 of the complaint.

10. Neither admit nor deny the allegations in paragraph 9 of the complaint because they constitute plaintiff's conclusions of law to which no response is required. To the extent a response is required, deny the allegations in paragraph 9 of the complaint.

11. Neither admit nor deny the allegations in paragraph 10 of the complaint because they constitute plaintiff's conclusions of law to which no response is required. To the extent a response is required, deny the allegations in paragraph 10 of the complaint.

12. Neither admit nor deny the allegations in paragraph 11 of the complaint because they constitute plaintiff's conclusions of law and/or characterization of this action to which no response is required. To the extent a response is required, deny the allegations in paragraph 11 of the complaint.

13. Neither admit nor deny the allegations in paragraph 12 of the complaint because they constitute plaintiff's conclusions of law and/or characterization of this action to which no response is required. To the extent a response is required, deny the allegations in paragraph 12 of the complaint.

14. Neither admit nor deny the allegations in paragraph 13 of the complaint because they constitute plaintiff's prayer for relief to which no response is required. To the extent a response is required, deny the allegations in paragraph 13 of the complaint.

15. Neither admit nor deny the allegations in paragraph 14 of the complaint because they constitute plaintiff's prayer for relief to which no response is required. To the extent a response is required, deny the allegations in paragraph 14 of the complaint.

16. Neither admit nor deny the allegations in paragraph 15 of the complaint because they constitute plaintiff's prayer for relief to which no response is required. To the extent a response is required, deny the allegations in paragraph 15 of the complaint.

17. Neither admit nor deny the allegations in paragraph 16 of the complaint because they constitute plaintiff's prayer for relief to which no response is required. To the extent a response is required, deny the allegations in paragraph 16 of the complaint.

18. Neither admit nor deny the allegations in paragraph 17 of the complaint because they constitute plaintiff's prayer for relief to which no response is required. To the extent a response is required, deny the allegations in paragraph 17 of the complaint.

## FIRST DEFENSE

The administrative decisions issued by the CIS on May 19, 2006 and, upon further review, September 18, 2006, denying petitioner's naturalization application, were properly

issued, were supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of the Attorney General's broad discretion in naturalization matters.

WHEREFORE the Government prays that this Court order judgment dismissing the action against it, and award such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 31, 2007

                                 MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants

                                  /s/ Daniel P. Filor_____

By:   DANIEL P. FILOR (DF-8859)
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2726
Fax:  (212) 637-2717

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x
HAGOP BABOUJIAN,

           Plaintiff,

  -against-

U.S. ATTORNEY GENERAL ALBERTO GONZALES, DEPARTMENT OF HOMELAND SECURITY SECRETARY MICHAEL CHERTOFF, U.S. CITIZENSHIP AND IMMIGRATION SERVICE, U.S.C.I.S. DIRECTOR EMILIO T. GONZALEZ, U.S.C.I.S. NEW YORK DISTRICT DIRECTOR MARY ANN GANTER, and THE UNITED STATES OF AMERICA.

           Defendants.
------------------------------------------------------------------------- x

07 Civ. 6138 (CM) (DCF)

ECF Case

## CERTIFICATE OF SERVICE

    I, DANIEL P. FILOR, an Assistant United States Attorney for the Southern District of New York, hereby certify that on August 31, 2007, I caused a copy of defendants' ANSWER to be served by first class mail upon the following:

Neil H. Afran, Esq.
Immigration Law Clinic Director
Touro Law School
225 East View Drive
Central Islip, New York 11722
*Counsel for Plaintiff*

                        ___/s/ Daniel P. Filor_____
                            DANIEL P. FILOR